IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EUGENE OWENS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 15 C 05870 |
| WELLS FARGO BANK, N.A., | ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) ) | |

## ORDER

The motion to dismiss [7] is granted, and the complaint is dismissed without prejudice. The plaintiff is granted leave to file an amended complaint within 21 days of this order, if he can do so consistent with the requirements of Fed. R. Civ. P. 11. Failure to file a timely amended complaint will result in dismissal of this action with prejudice.

## STATEMENT

Using the form complaint supplied by the Northern District of Illinois for civil rights claims, plaintiff Eugene Owens sued "Wells Fargo Mortgage," asserting that it violated "due process" and the "Fair Debt Collection Act." In the supporting narrative, Owens alleged that after he filed for bankruptcy on April 20, 2014[1], he was able to maintain possession of his home, which was in foreclosure, and the bank "verbally agreed" to give him a loan modification. But instead, after he obtained a discharge, the bank proceeded with a judicial sale of the property without giving Owens any time to "resolve" things.

The defendant, Wells Fargo Bank, N.A., moved to dismiss the complaint. Owens did not appear at the hearing on the motion, but a briefing schedule was set and the order was mailed to Owens at his address of record. Owens did not file any response to the motion to dismiss.

---

[1] Wells Fargo attached copies of records from the state and bankruptcy courts in support of its motion to dismiss. The Court may take judicial notice of these records because both the bankruptcy and foreclosure actions are mentioned in the complaint and are central to the plaintiff's claims (to the extent the court understands them). *E.g.*, *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n. 1 (7th Cir. 2012). They are also public court records of which the court may take judicial notice. *See id.; Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012). Owen's claim that he filed a bankruptcy petition on April 20, 2014 is inconsistent with these documents and, in any event, even a filing on that date would have been after the state court judgment of foreclosure had been entered on April 5, 2013. *See* Def. Ex. B., ECF No. 8-2.

In support of its motion, Wells Fargo argues: (1) insofar as Owens brings a constitutional claim, it is non-justiciable because the defendant is not a state actor subject to suit under 42 U.S.C. § 1983; (2) Owens does not allege any facts supporting a violation of his due-process rights in any case; (3) Owens does not state a claim for a bankruptcy violation or a loan modification; (4) Owens' conclusory allegations do not state a violation of the Fair Debt Collection Practices Act.

To avoid dismissal, a complaint must contain allegations that state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665 (7th Cir. 2013). In reviewing the sufficiency of a complaint under the plausibility standard, the court must accept as true all well-pleaded facts in the complaint as true, but not any legal conclusions or threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements. *Alam*, 709 F.3d at 666.

First, the defendant is correct that the plaintiff does not set forth any plausible basis for proceeding against the bank for a violation of the Federal Constitution. Nothing in the complaint suggests that the defendant was acting on behalf of a governmental body with respect to the foreclosure. Section 1983 actions may only be maintained against those who act "under color of state law." 42 U.S.C. § 1983; *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). For a private party's actions to be deemed taken under color of state law, "the alleged deprivation of federal rights must have been caused by the exercise of a right or privilege created by the state, a rule of conduct imposed by the state, or someone for whom the state is responsible," and "the private party must be a person who may fairly be said to be a state actor." *London*, 600 F.3d at 746. Here, there is no plausible basis for the bank's liability under § 1983.

As for the other potential claims in the complaint, the bank essentially argues that Owens's version of events does not add up to any federal claim,[2] especially when the records of Owens's bankruptcy filings and the state-court foreclosure case are examined. According to the record, Wells Fargo obtained a final judgment of foreclosure as to Owen's property on April 5, 2013. Owens filed a Chapter 7 bankruptcy petition some three months later, on July 9, 2013. A discharge order was entered on October 23, 2013. Owens later filed two Chapter 13 bankruptcy petitions, one of which was dismissed on September 23, 2014, for failure to file a plan, and the other of which was dismissed for failure to file required documents on April 30, 2015. After that, Wells Fargo sent notices to the parties to the foreclosure action that a judicial sale was scheduled for July 8, 2015. Days before the sale, on July 2, Owens filed this lawsuit.

There is nothing in the exhibits to suggest that Wells Fargo took action to collect any debt from Owens or resumed the foreclosure case while any of Owens's three bankruptcy cases was pending or after his Chapter 7 discharge. Indeed, the complaint does not even allege that the bank did so. Therefore, Owens does not plausibly allege that Wells Fargo violated the automatic

---

[2] There are no allegations that the parties are of diverse citizenship for purposes of this court's subject matter jurisdiction under 18 U.S.C. § 1332.

stay or the discharge injunction in the Chapter 7 bankruptcy. *See generally* 11 U.S.C. § 362 (automatic stay), § 524(a)(2) (effect of discharge). Nor does Owens allege facts that suggest Wells Fargo violated of the provision of the Fair Debt Collection Practices Act that bars efforts to collect a debt discharged in bankruptcy. *See* 15 U.S.C.A. § 1692e(2)(A); *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007) ("Although not aimed specifically at efforts to collect debts that have been discharged in bankruptcy, [§ 1692e(2)(A)] fits that practice to a T."). Each bankruptcy was filed after the state-court judgment of foreclosure but before the judicial sale. Owens does not allege that his Chapter 7 discharge extinguished the bank's lien on his property. Therefore, although the bank could not obtain or collect a deficiency judgment against Owens because his personal liability was discharged, his discharge did not revive the already-foreclosed-on lien and prevent the judicial sale. *See Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 912 (7th Cir. 2001) ("discharge in bankruptcy does not extinguish a secured creditor's right to enforce his security interest"). And Owens does not allege that Wells Fargo improperly attempted to collect any deficiency judgment from him. Therefore, he has no plausible claim for relief with respect to the bank's execution of the judgment of foreclosure by proceeding with the judicial sale.

To the extent that Owens could be attempting to assert a claim that the bank breached a loan modification, his allegations are far too vague to support such a claim (even assuming there were some basis for the court's jurisdiction to adjudicate a state-law contract claim). He mentions only a verbal agreement to modify the terms of his mortgage, but does not say what those modified terms were or how the bank violated them. Moreover, if the loan modification agreement was not reduced to writing, it is unlikely to be enforceable under Illinois law. *See* 815 ILCS 160/2 (Credits Agreements Act); 740 ILCS 80/2 (statute of frauds).

Finally, the court notes that one form of relief that Owens requests in his complaint is "possession of [the] property." However Owens's claims are labeled, the court could not grant this form of relief without overturning the state-court foreclosure judgment. Therefore, under the *Rooker-Feldman* doctrine, this court lacks jurisdiction over any claim seeking relief from the judgment of foreclosure entered by the state court. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 531–33 (7th Cir. 2004).

The motion to dismiss is granted.

Date: April 11, 2016

John J. Tharp, Jr.
United States District Judge